UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALEX BUGNO, | Case No. 4:24-cv-348 |
| Petitioner, | Judge J. Philip Calabrese |
| v. | Magistrate Judge |
| ANGELA HUNSINGER-STUFF, Warden, | James E. Grimes Jr. |
| Respondent. | |

# OPINION AND ORDER

Petitioner Alex Bugno, through counsel, objects to the Magistrate Judge's Report and Recommendation that the Court dismiss Petitioner's habeas petition. For the reasons that follow, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Magistrate Judge's Report and Recommendation, and **DENIES** the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

The Magistrate Judge set forth the factual and procedural history of this case in his Report and Recommendation. (ECF No. 11, PageID #2669–91.) In short, on April 19, 2018, a grand jury indicted Mr. Bugno on thirty-four felony counts: six counts of pandering obscenity involving a minor in violation of Section 2907.321(A)(5)(c) of the Ohio Revised Code, fourteen counts of compelling prostitution in violation of Section 2907.21(A)(2)(a), and fourteen counts of importuning in violation of Section 2907.21(B)(2). (ECF No. 8-1, PageID #100–10). The grand jury charged that Mr. Bugno solicited and recorded by video improper sexual conduct with three minors in exchange for money. (ECF No. 8-1, PageID #117–27.)

### A. Conviction in State Court

On April 24, 2018, Petitioner entered a plea of not guilty to all counts. (ECF No. 8-1, PageID #112.) On June 19, 2018, the State amended the indictment to correct citations to the correct in the caption of the indictment the list of the provisions of the Ohio Revised Code that Mr. Bugno allegedly violated. (*Id.*, PageID #114.) Later, a superseding indictment added an additional charge of pandering obscenity in Count 35. (*Id.*, PageID #127.) Petitioner entered a plea of not guilty to the superseding indictment. (*Id.*, PageID #129.)

On February 25, 2019, Petitioner filed a motion for relief from improper joinder, asking the State trial court to sever Counts One through Six from the remaining counts, arguing that joinder was improper because there were no allegations contained within the indictment, bill of particulars, or discovery connecting the two juveniles involved in Counts Seven through Thirty-Four with Counts One through Six. (*Id.*, PageID #131–33.) The State opposed Petitioner's motion. (*Id.*, PageID #148–57.) In May 2019, the State trial court denied Petitioner's motion for relief from improper joinder, determining that the joinder of Counts One through Six with Counts Seven through Thirty-Five would not unfairly prejudice Petitioner "since the evidence as to each count [was] simple and direct." (*Id.*, PageID #159–63.)

Petitioner also moved to suppress evidence seized pursuant to warrants used to search three locations. (*Id.*, PageID #596–671.) Petitioner made two main arguments: (1) the search warrants and affidavits supporting them lacked probable

cause; and (2) they failed to provide legal authorization to search certain electronic devices. (*Id.*, PageID #603-04.) On April 18, 2019, the State trial court held a suppression hearing. (*Id.*, PageID #673–92.) On July 1, 2019, the State trial court denied the motion to suppress. (*Id.*, PageID #722–27.)

On December 23, 2019, Petitioner renewed his motion for relief from improper joinder, arguing that expert analysis conducted on the computer files supporting the charges in Counts One through Six rendered the evidence neither simple nor direct. (*Id.*, PageID #165.) Petitioner argued again that joinder of Counts One through Six with the remaining counts would confuse the jury and deny his rights under the Fifth and Fourteenth Amendments. (*Id.*, PageID #167.) On January 7, 2020 the State agreed to severance of Counts One through Six from Counts Seven through Thirty-Five. (*Id.*, PageID #178.) This time, the State trial court granted Petitioner's motion to sever Counts One through Six from Counts Seven through Thirty-Five. (*Id.*, PageID #181.)

In January 2020, the State moved to amend the superseding indictment to include the word "knowingly" in Counts Seven through Twenty (which charged compelling prostitution), arguing that the original omission of the word was a typographical error. (*Id.*, PageID #183.) Over Petitioner's objections, the State trial court granted the motion. (*Id.*, PageID #202–16.) Additionally, Petitioner moved for relief from the improper joinder of Count Thirty-Five, arguing that the State failed to contact the alleged victim involved in Count 35 before identifying the individual as

3

an alleged victim. (*Id.*, PageID #187–93.) The State trial court denied this motion. (*Id.*, PageID #220.)

On January 24, 2020, a jury convicted Petitioner on fourteen counts of compelling prostitution and one count of pandering obscenity involving a minor. (*Id.*, PageID #250–54.) On January 31, 2020, Petitioner filed a motion for judgment of acquittal or, in the alternative, for a new trial. (*Id.*, PageID #222.) Petitioner argued that he was entitled to an acquittal because the State "failed to delineate separate acts or occurrences to support each Count of Compelling Prostitution" and "failed to produce any evidence that there was an obscene performance as defined under Ohio law" with respect to Count 35. (*Id.*, PageID #222.) The State trial court denied Petitioner's motion. (*Id.*, PageID #250.) On February 5, 2020, the State trial court sentenced Petitioner to an aggregate term of seventeen years of imprisonment. (*Id.*, PageID #250–54.)

### B. Direct Appeal

On March 3, 2020, Petitioner timely appealed his conviction. (*Id.*, PageID #262–63.) Petitioner raised seven assignments of error. (*Id.*, PageID #275–335.) As relevant to his objection, Petitioner argued that the trial court "erred in denying [his] motion to suppress as it related to the search and seizure of items at the E. Indianola address and the computer." (*Id.*, PageID #297–311.) Also, he challenged the availability of the good-faith exception to the exclusionary rule where the warrant did not command the seizure of specified property."

4

On June 9, 2020, the State appellate court overruled Petitioner's assignments of error and affirmed the State trial court's judgment. (*Id.*, PageID #379–402.) After the appellate court's ruling, Petitioner timely appealed to the Ohio Supreme Court. (*Id.*, PageID #404–24.) In his memorandum in support of jurisdiction, he asserted two propositions of law: (1) search warrants that fail to include command sections authorizing the seizure of particular items are facially defective and, therefore, require suppression of any evidence seized; and (2) the good faith exception to the exclusionary rule does not apply in a case where the search warrant for a computer is facially deficient based on lack of a command to seize property and is so lacking in particularity that, on its face, it violates the Fourth Amendment. (*Id.*, PageID #412 & #418.) On September 27, 2022, the Ohio Supreme Court declined to exercise jurisdiction. (*Id.*, PageID #442.) Subsequently, in December 2022, Petitioner filed a petition for writ of certiorari to the Supreme Court of the United States, raising the same propositions as in his appeal to the Ohio Supreme Court. (*Id.*, PageID #444–74; ECF No. 11, PageID #2678.) In February 2023, the United States Supreme Court denied further review. (ECF No. 11, PageID #2678.)

  **C. Post-Conviction Motions**

On February 27, 2024, Petitioner filed a motion requesting that the State trial court declare his judgment of conviction void and grant him a new trial or, in the alternative, grant him leave to pursue discovery "to more fully develop the factual basis demonstrating the constitutional violations that render his conviction and sentence void or voidable." (ECF No. 8-1, PageID #506–33.) In November 2024, the

5

State trial court denied Petitioner's post-conviction petition as untimely, and Petitioner appealed that ruling. *See Ohio v. Bugno*, Mahoning C.P. No. 18 CR 425 (November 20, 2024).

### D.     Federal Habeas Petition

On February 25, 2024, Mr. Bugno, filed a petition for a writ of habeas corpus asserting various grounds for relief. (ECF No. 1.) In his memorandum in support of his petition, Petitioner raised three grounds for relief. (ECF. No. 1-1.) First, Petitioner argues that the denial of his motion to suppress, relating to the search and seizure of items at the East Indianola address and his computer, constituted a "foundational error." (*Id.*, PageID #28.) Specifically, Petitioner argues that two of the four warrants lacked a command section that explicitly empowered law enforcement officials to seize items, thereby contravening the particularity requirement of the Fourth Amendment. (*Id.*)

Second, Petitioner argues that the prosecutor engaged in prosecutorial misconduct during trial and closing arguments, thereby depriving Petitioner of his right to a fair trial. (*Id.*, PageID #45.) Third, Petitioner argues that the State trial court erred by allowing evidence during the State's case-in-chief regarding Petitioner's pre-arrest silence and abused its discretion in failing to grant a mistrial based on the admission of that evidence. (*Id.*, PageID #51.)

On January 21, 2025, the Magistrate Judge issued a Report and Recommendation that the Court deny the petition because Petitioner's first ground for relief is not cognizable and lacks merit in any event. (ECF No. 11, PageID

6

#2685–89.) As to Grounds Two and Three, the Magistrate Judge determined that each was procedurally defaulted because Petitioner failed to present them to the Ohio Supreme Court. (*Id.*, PageID #2689.) On February 4, 2025, Petitioner filed objections to the Magistrate Judge's Report and Recommendation. (ECF No. 12, PageID #2692–701.) Specifically, Petitioner raises three objections. (*Id.*, PageID #2694.) With respect to the first ground for relief, the Fourth Amendment claim, Petitioner objects that he did not have a full and fair opportunity to litigate his claim in the State courts, making his claim cognizable in habeas. (*Id.*) Relatedly, his second objection argues that his traverse did not introduce a new claim but merely clarified the structural problem he contends foreclosed review of the issue in the State courts. (*Id.*) Finally, he requests discovery and a hearing to develop the record in support of this ground for relief. (*Id.*)

## STANDARD OF REVIEW

A district court judge may designate a magistrate judge to submit "proposed findings of fact and recommendations for the disposition, by a judge of the court," 28 U.S.C. § 636(b)(1)(B), of a petition for a writ of habeas corpus, which the Court does by local rule, *see* Local Rule 72.2. When reviewing a report and recommendation, if a party objects within the allotted time, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). "Objections must be specific, not general" and should direct the Court's attention to a particular dispute. *Howard v.*

7

*Secretary of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn,* 474 U.S. 140, 147 (1985).

Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Importantly, the Court's job is not to conduct a free-wheeling examination of the entire report and recommendation, but only to address any specific objections that a party has advanced to some identified portion of it. Accordingly, it is the Court's task in this matter to review the Magistrate Judge's report and recommendation de novo, based on the specific objections the party raises.

**ANALYSIS**

Where a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States," he is entitled to a writ of habeas corpus. 28 U.S.C. §§ 2241(c)(3) & 2254(a). At bottom, the writ tests the fundamental fairness of the State court proceedings resulting in the deprivation of the petitioner's liberty. *See, e.g., Brown v. Allen*, 344 U.S. 443, 463 (1953); *Powell v. Collins*, 332 F.3d 376, 388 (6th Cir. 2003) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)); *Skaggs v. Parker*, 235 F.3d 261, 266 (6th Cir. 2000).

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted

8

  with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"With the AEDPA, Congress limited the source of law for habeas relief to cases decided by the United States Supreme Court." *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000). Under Section 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law. *See Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Williams*, 529 U.S. at 410). A State court adjudication involves "an unreasonable application of" Supreme Court precedent under Section 2254(d)(1) in one of two ways: (if) if the State court identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular State prisoner's case; or (2) if the State court either unreasonably extends a legal principle from the Court's precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *See Williams*, 529 U.S. at 407.

## I. Substantive Objections

Petitioner objects to the Magistrate Judge's Report and Recommendation regarding the challenges to the alleged facial defects in the search warrants at issue. (ECF No. 12, PageID #2694–97.) He argues that his Fourth Amendment claim

survives the bar of *Stone v. Powell*, 428 U.S. 465 (1976). (*Id.*, PageID #2695.) Petitioner concedes that he received an opportunity to present his Fourth Amendment claim but argues that the State courts only addressed it superficially and did not resolve the fundamental error. (*Id.*, PageID #2696.)

Fourth Amendment claims relating to alleged warrant defects are barred from federal habeas corpus review where a petitioner "had available [an] avenue . . . to present his claim to the state courts." *Good v. Berguis*, 729 F.3d 636, 639 (6th Cir. 2013) (citing *Powell*, 428 U.S. at 494). In *Powell*, the Supreme Court held that, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Powell*, 428 U.S. at 494. To evade this clearly established legal principle, Petitioner instead argues that the *adequacy* of available State court review mechanisms effectively foreclosed review or, more accurately, only permitted superficial review. (ECF No. 12, PageID #2694–97.) Specifically, Petitioner argues that "the Ohio courts misapplied federal constitutional standards by upholding a warrant that failed to expressly incorporate the affidavit as required by *Groh v. Ramirez*," 540 U.S. 551, 557–58 (2004). (ECF No. 12, PageID# 2697.) But Petitioner's quarrel lies with the merits of the State courts' adjudication. "An argument directed solely at the correctness of the state court decision 'goes not to the fullness and fairness of his opportunity to litigate the claim[s], but to the correctness of the state court resolution, an issue which *Stone v. Powell* makes irrelevant.'" *Brown v.*

10

*Berghuis*, 638 F. Supp. 2d 795, 812–13 (E.D. Mich. 2009) (quoting *Siripongs v. Calderon*, 35 F.3d 1308, 1321 (9th Cir. 1994)). "[A]n erroneous determination of a habeas petitioner's Fourth Amendment claim does not overcome the *Stone v. Powell* bar." *Id.* (quoting *Gilmore v. Marks*, 799 F.2d 51, 57 (3d Cir. 1986)).

Under the law of this Circuit, "the *Powell* 'opportunity for full and fair consideration' means an available avenue for the prisoner to present his claims to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Good*, 729 F.3d at 639. In the absence of a sham proceeding, which Petitioner has not alleged and the record does not support in any event, there is no need to question the rigor of the State courts' proceedings. *Id.* Accordingly, Petitioner's dissatisfaction with the State courts' adjudication does not equate to lack of "full and fair" review. *Powell*, 428 U.S. at 494. As the record shows, Petitioner raised his Fourth Amendment argument at the State trial court level, to the State appellate level, and at the Ohio Supreme Court, though it declined review. (ECF No. 8-1, PageID #297–311, #596–671 & #408.) He had ample opportunity to raise, develop, and pursue the constitutional issue at the heart of his habeas petition and objections. Accordingly, Petitioner has received "full and fair" review, therefore, his Fourth Amendment claim is not cognizable on federal habeas review. *Stone*, 428 U.S. at 494. For these reasons, the Court **OVERRULES** Petitioner's objection.

## II.     Procedural Objections

Although the Magistrate Judge's Report and Recommendation determined that the *Powell* bar disposed of Petitioner's claim, he also identified a procedural

11

problem with the argument. (ECF No. 11, PageID #2687.) According to the Magistrate Judge, Petitioner failed to raise "discernable" arguments regarding the incorporation doctrine and good faith exception in relation to the alleged warrant defects until he filed his traverse. (ECF No. 11, PageID #2687.) At that point, the issue is waived. (*Id.*) Petitioner objects to this recommendation. (ECF No. 12, PageID #2697–99.) Because Petitioner's Fourth Amendment argument runs into the *Powell* bar, the Court need not resolve this objection and, therefore, **OVERRULES** it **AS MOOT**.

Additionally, Petitioner objects that he should be afforded the opportunity to conduct additional discovery, specifically regarding the warrant, and develop the record through a hearing. Issues regarding the lawfulness of warrants are typically resolved on the face of a warrant, with further evidentiary development coming only in rare cases involving, for example, misconduct of some sort. Because the record does not require further evidentiary development to support the habeas petition, the Court **OVERRULES** this objection.

## CERTIFICATE OF APPEALABILITY

Without a certificate of appealability, a habeas petitioner cannot appeal a final order in a habeas proceeding. 28 U.S.C. § 2253(c)(1). Issuance of a certificate of appealability requires a petitioner to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means that the petitioner must show that reasonable jurists would find the district court's determination of the relevant constitutional claims debatable or incorrect. *Tennard v.* Dretke, 542 U.S.

274, 282 (2004). The petitioner need not show that the appeal would succeed to be eligible for a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). A substantial showing of the denial of a constitutional right requires that a petitioner demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

Here, reasonable jurists could disagree whether the omission of key information from the command section of a search warrant violated the particularity requirement of the Fourth Amendment, particularly in the context of the searches of electronic information and devices at issue. However, no such debate attends application of the bar to review of that issue in habeas proceedings. Therefore, Petitioner fails to make a showing of a substantial showing of the denial of a constitutional right to warrant the certification of an appeal.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections (ECF No. 12, PageID #2692–701), **ADOPTS** the Report and Recommendation (ECF No. 11, PageID #2669–91), and **DENIES** the petition (ECF No. 1.). Further, the Court **DECLINES** to issue a certificate of appealability.

**SO ORDERED.**

Dated: July 28, 2025

                                          J. Philip Calabrese
                                          United States District Judge
                                          Northern District of Ohio